Filed 1/21/21

**CERTIFIED FOR PARTIAL PUBLICATION***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br>v.<br><br>JASON DAVID HILL,<br><br>      Defendant and Appellant. | A157339<br><br>(Lake County<br>Super. Ct. Nos. CR953084,<br>  CR940896) |

**INTRODUCTION**

After pleading no contest to concealing a dirk or dagger and admitting this offense violated probation in another matter, the trial court sentenced Jason David Hill to an aggregate term of two years eight months in prison and revoked his probation. On appeal, Hill contends that his conviction and probation revocation should be conditionally reversed and the matter remanded because his attorney was ineffective for failing to request a hearing on his eligibility for mental health diversion under Penal Code section 1001.36.[1]

The Attorney General argues that Hill's claim is barred for failure to obtain a certificate of probable cause and, in any event, the claim fails on the

---

* Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part B of the discussion.

[1] All further statutory references are to the Penal Code.

1

merits because Hill has not established that his counsel was deficient in failing to request an eligibility hearing or that he was prejudiced by counsel's failure to request such a hearing. As to the first contention, we disagree with the Attorney General that a certificate of probable cause was required to raise the mental health diversion issue. However, the second contention is well taken because Hill failed to establish either deficient performance or prejudice. Accordingly, we affirm the judgments sentencing Hill to state prison and revoking his probation.

## BACKGROUND

### A.   *Possession of Firearm (CR940896)*

On June 1, 2016, pursuant to a negotiated disposition, Hill pleaded no contest to felony possession of a firearm by a convicted felon (§ 29800, subd. (a)) in case No. CR940896. The court suspended imposition of sentence and placed Hill on felony probation for three years.

### B.   *Concealed Dirk or Dagger (CR953084)*[2]

On January 19, 2019, a Clearlake police officer noticed Hill outside of a liquor store. The officer went up to Hill, obtained his name, and walked away to conduct a records check. The records check revealed that Hill was on postrelease community supervision (PRCS).[3] As the officer returned, Hill "produced" a knife and placed it on a pole in front of him. Hill said he needed the knife "for protection because he walks around in Clearlake at night." When asked where the knife came from, Hill "said he had it shoved down his sleeve."

---

[2] We take the facts of the offense from the preliminary hearing, which formed the stipulated basis for Hill's plea.

[3] Hill was actually on probation, not PRCS, at the time of the incident.

2

## C.     *Plea and Sentencing*

On April 10, 2019, Hill pleaded no contest to concealing a dirk or dagger (§ 21310) in case No. CR953084.  As part of the plea, Hill admitted a probation violation in case No. CR940896.  The plea was open with a maximum possible sentence of two years eight months.  The trial court accepted Hill's admission and revoked his probation in case No. CR940896.

On May 13, 2019, the trial court sentenced Hill in case Nos. CR953084 and CR940896 to an aggregate term of two years eight months in prison.

Hill filed timely notices of appeal in both cases.

## DISCUSSION

## A.     *No Certificate of Probable Cause Required*

The Attorney General contends Hill's appeal is barred for failure to obtain a certificate of probable cause.  In response, Hill asserts that if a certificate of probable cause was required, it is a further example of ineffective assistance of counsel.

Section 1237.5 provides, "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere," except where defendant has obtained from the trial court a certificate of probable cause.  " 'The purpose for requiring a certificate of probable cause is to discourage and weed out frivolous or vexatious appeals challenging convictions following guilty and nolo contendere pleas.  [Citations.]  The objective is to promote judicial economy "by screening out wholly frivolous guilty [and nolo contendere] plea appeals before time and money is spent preparing the record and the briefs for consideration by the reviewing court."  [Citations.]

" 'It has long been established that issues going to the validity of a plea require compliance with section 1237.5.  [Citation.]  Thus, for example, a

3

certificate must be obtained when a defendant claims that a plea was induced by misrepresentations of a fundamental nature [citation] or that the plea was entered at a time when the defendant was mentally incompetent [citation]. Similarly, a certificate is required when a defendant claims that warnings regarding the effect of a guilty plea on the right to appeal were inadequate. [Citation.]' [Citation.]

" 'In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: "the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made." [Citation.] Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5.' " (*People v. Buttram* (2003) 30 Cal.4th 773, 781–782.)

Our Supreme Court has explained that a plea in which the parties agree to a maximum sentence does not require a certificate of probable cause unless the defendant challenges the legal validity of the maximum sentence itself. (*People v. Buttram, supra*, 30 Cal.4th at pp. 790–791.) "When the parties negotiate a *maximum* sentence, they obviously mean something different than if they had bargained for a *specific* or *recommended* sentence. By agreeing only to a maximum sentence, the parties leave unresolved between themselves the appropriate sentence within the maximum. That issue is left to the normal sentencing discretion of the trial court, to be exercised in a separate proceeding." (*Id.* at p. 785.)

"[A] certificate of probable cause is not required to challenge the exercise of individualized sentencing discretion within an agreed maximum sentence. Such an agreement, by its nature, contemplates that the court will

4

choose from among a range of permissible sentences within the maximum, and that abuses of this discretionary sentencing authority will be reviewable on appeal, as they would otherwise be. Accordingly, such appellate claims do not constitute an attack on the validity of the plea, for which a certificate is necessary." (*People v. Buttram, supra*, 30 Cal.4th at pp. 790–791; see *id.* at p. 777 ["Unless it specifies otherwise, a plea agreement providing for a maximum sentence inherently reserves the parties' right to a sentencing proceeding in which (1) . . . they may litigate the appropriate individualized sentence choice within the constraints of the bargain and the court's lawful discretion, and (2) appellate challenges otherwise available against the court's exercise of that discretion are retained"].)

Here, in case No. CR953084, Hill pleaded no contest to one count of carrying a concealed dirk or dagger (§ 21310), which carried a minimum sentence of 16 months and a maximum sentence of three years, and he admitted a violation of probation in case No. CR940896. Pursuant to the plea agreement, the parties agreed to a maximum, aggregate sentence of two years eight months. Exercising its discretion, the trial court denied probation and imposed the midterm sentence of two years for carrying a concealed dirk or dagger (CR953084) and the midterm sentence of eight months for being a felon in possession of a firearm (CR940896). Because Hill's appeal does not attack the validity of his plea and instead challenges the trial court's sentencing discretion relating to the application of section 1001.36, no certificate of probable cause was required. Accordingly, Hill's counsel did not render ineffective assistance by failing to request one.

**B.** *Trial Counsel Did Not Render Ineffective Assistance*

Hill claims his trial counsel was ineffective for failing to request a hearing to determine his eligibility for mental health diversion under section 1001.36. We disagree.

    1.    *Additional Background*

In a statement to the probation department, Hill said he suffered from bipolar disorder and posttraumatic stress disorder (PTSD). Hill reported that he suffered a "mental breakdown" after the Valley Fire of 2015 destroyed his home. Hill further reported he "had been attending behavioral health treatment for his mental health issues" but nevertheless attempted suicide on two occasions. Hill explained he was in a "disfunctional [*sic*] mindset" on the day of his arrest and believed he needed to carry the knife to protect himself from "any unnecessary violence . . . ." In conclusion, Hill expressed, "Incarceration is not the answer nor beneficial to me where as [*sic*] counseling [and] treatment for mental health . . .would better serve justice [and] rehabilitation."

At sentencing, Hill's counsel requested that the court grant Hill probation. Counsel argued that imprisonment would harm Hill because he "has bipolar disorder and suffers PTSD" and that the court should consider these "mental health factors not amounting to a defense but still pertaining to the nature of the defendant." Trial counsel unsuccessfully moved the court to reduce the charge to a misdemeanor under section 17, subdivision (b). Finally, counsel argued that if the court denied Hill probation it should sentence Hill to the mitigated term.

The court denied probation and sentenced Hill to the midterm of two years on the carrying a concealed dirk or dagger charge in case No. CR953084. The court also sentenced Hill to the midterm of eight months for

6

being a felon in possession of a firearm in case No. CR940896.  Citing section 1203, subdivision (e)(4), the court noted Hill had suffered at least three prior felonies and thus there was a presumption against granting probation "except in an unusual case in which the interests of justice would best be served . . . ."  The court found there were no circumstances in favor of mitigation.  The court further noted "there is no evidence that the crime was committed because of a mental condition, and there is not a high likelihood that the defendant would respond favorably to treatment."  Even without the presumption against probation, the court said it would deny probation because Hill's "prior convictions are numerous, . . . his prior performance on probation was poor because he was on a grant of probation at the time of the second offense here, [and] his ability to comply with the reasonable terms of probation is poor."  Finally, the court found that Hill posed a danger to society and would continue to do so if not imprisoned.

2.  *Hill's Claim of Ineffective Assistance of Counsel Fails*

"It is particularly difficult to prevail on an *appellate* claim of ineffective assistance."  (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)  In asserting a claim of ineffective assistance of counsel, an aggrieved defendant "must show *both* that his counsel's performance was deficient when measured against the standard of a reasonably competent attorney *and* that counsel's deficient performance resulted in prejudice to defendant in the sense that it 'so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' "  (*People v. Kipp* (1998) 18 Cal.4th 349, 366, italics added, quoting *Strickland v. Washington* (1984) 466 U.S. 668, 686 (*Strickland*).)

With regard to counsel's performance, to establish ineffective assistance based on direct appeal, "the defendant must show '(1) the record

7

affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation.' " (*People v. Hoyt* (2020) 8 Cal.5th 892, 958.)

With regard to prejudice, the defendant must show "a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " (*People v. Centeno* (2014) 60 Cal.4th 659, 676, quoting *Strickland, supra*, 466 U.S. at p. 694.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland*, at p. 694.)

Unless a defendant establishes the contrary, " 'we shall presume that "counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy." ' " (*People v. Centeno, supra*, 60 Cal.4th at pp. 674–675.)

Section 1001.36 provides pretrial diversion may be granted if the trial court finds all of the following criteria are met:  (1) the defendant suffers from a recently diagnosed mental disorder enumerated in the statute; (2) the disorder was a significant factor in the commission of the charged offense; (3) "[i]n the opinion of a qualified mental health expert, the defendant's symptoms of the mental disorder motivating the criminal behavior would respond to mental health treatment"; (4) the defendant consents to diversion and waives his right to a speedy trial; (5) the defendant agrees to comply with treatment as a condition of diversion; and (6) the defendant will not pose an unreasonable risk of danger to public safety if treated in the community. (§ 1001.36, subd. (b)(1).)

The statute further provides: "At any stage of the proceedings, the court may require the defendant to make a prima facie showing that the defendant will meet the minimum requirements of eligibility for diversion and that the defendant and the offense are suitable for diversion. The hearing on the prima facie showing shall be informal and may proceed on offers of proof, reliable hearsay, and argument of counsel. If a prima facie showing is not made, the court may summarily deny the request for diversion or grant any other relief as may be deemed appropriate." (§ 1001.36, subd. (b)(3).)

Section 1001.36 had been in effect for almost a year prior to Hill's sentencing, yet trial counsel did not request a hearing to determine Hill's eligibility. The record is silent as to why counsel did not pursue pretrial diversion under section 1001.36. Although Hill contends that the record discloses trial counsel had no rational tactical purpose for not requesting pretrial diversion under section 1001.36 and there is no other satisfactory explanation for failing to request pretrial diversion (see *People v. Hoyt, supra*, 8 Cal.5th at p. 958; *People v. Centeno, supra*, 60 Cal.4th at p. 675), we disagree. Nothing in the record supports Hill's unsubstantiated claim that trial counsel was "[l]ikely . . . unaware of section 1001.36 or, at least, its application" to his case. (See *People v. Mai, supra*, 57 Cal.4th at p. 1018 [reviewing " ' "court cannot evaluate alleged deficiencies in counsel's representation solely on defendant's unsubstantiated speculation" ' "].) Trial counsel very well may have investigated the facts and concluded there was insufficient evidence to support a prima facie showing that Hill was eligible for diversion. (See § 1001.36, subd. (b)(3); see also *People v. Thompson* (2010) 49 Cal.4th 79, 122 ["Counsel is not ineffective for failing to make frivolous or futile motions"].)

Hill nevertheless maintains that remand is required because he "appears to be a good candidate for mental health diversion." Hill suggests his "psychiatric records" were not presented to the trial court because his attorney failed to request a section 1001.36 hearing. In making this argument, Hill is effectively seeking to blur the distinct line between direct and collateral review. (See *People v. Cunningham* (2001) 25 Cal.4th 926, 1003 [stating that a defendant who raises ineffective assistance of counsel on direct appeal "must establish deficient performance based upon the four corners of the record"].) To the extent Hill maintains counsel was ineffective for failing to present his "psychiatric records," any expansion of the factual record must be presented via habeas corpus petition. (*People v. Snow* (2003) 30 Cal.4th 43, 122.)

In order to prevail on his ineffective assistance of counsel claim on direct appeal, Hill must "*affirmatively* prove[]" prejudice, meaning he must demonstrate not merely a possibility that he would have qualified for diversion but " 'a reasonable *probability . . . .*' " (*People v. Maury* (2003) 30 Cal.4th 342, 389, italics added.) In asserting that he is entitled to a remand on the mere chance that he "*appears to be a good candidate*" for diversion, Hill fails to appreciate this important legal distinction. (See *People v. Berryman* (1993) 6 Cal.4th 1048, 1081, fn. 10 [deeming language from older cases suggesting that prejudice for purposes of ineffective assistance of counsel claims may be shown by a mere "reasonable *possibility*" as "no longer vital"], disapproved on another point in *People v. Hill* (1998) 17 Cal.4th 800, 822–823 & fn. 1.)

Diversion requires a showing that a diagnosed mental disorder as described in section 1001.36, subdivision (b)(1)(A) was a "significant factor" in the commission of the crime (*id.*, subd. (b)(1)(B)), that defendant would

10

respond to mental health treatment (*id.*, subd. (b)(1)(C)), and that defendant would not pose an unreasonable risk to public safety if treated in the community (*id.*, subd. (b)(1)(F)).  Here, the trial court expressly stated at the sentencing hearing that "there is no evidence that the crime was committed because of a mental condition, and there is not a high likelihood that the defendant would respond favorably to treatment."  The court further determined that Hill posed a danger to society and would continue to do so if not imprisoned.  Although the trial court did not specifically reference the diversion statute, these findings suggest that Hill did not meet the minimum requirements for diversion and, as such, there is a reasonable probability that the court would have summarily denied a request for diversion had one been made.  (§ 1001.36, subd. (b)(1) & (3).)

For these reasons, Hill's claim of ineffective assistance of counsel claim fails.

## DISPOSITION

The judgment in case No. CR953084 is affirmed.  The judgment in CR940896 is affirmed.

11

_____

Jackson, J.


WE CONCUR:


_____

Fujisaki, Acting P. J.


_____

Petrou, J.


A157339/*People v. Jason David Hill*


12

A157339/People v. Jason David Hill

Trial Court:         Superior Court of the County of Lake

Trial Judge:        Arthur H. Mann, J.

Counsel:           Jonathan Soglin, Stephanie Clark and Deborah Rodriguez, under appointment by the Court of Appeal, for Defendant and Appellant.

                      Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Donna M. Provenzano and Roni Dina Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.